UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 NOV 25 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM STEPHEN SCURLOCK        )
                                )
    Plaintiff,                  )
                                )
vs.                             )   Civil Action No. CV 98-S-2631-NE
                                )
FEDERAL DEPOSIT INSURANCE       )
CORPORATION,                    )
                                )
    Defendant.                  )
                                )

ENTERED
NOV 25 1998

MEMORANDUM OPINION

Plaintiff William Stephen Scurlock filed a statement of claim for $3,000 against the Federal Deposit Insurance Corporation ("FDIC") in the Small Claims Court of Morgan County, Alabama on August 17, 1998.[1] The FDIC did not file an answer. The District Judge entered a judgment by default for Scurlock on October 8, 1998. The FDIC removed the case to this court on October 16, and filed a motion to set aside the judgment on November 13, 1998. That motion, made pursuant to Federal Rule of Civil Procedure 55(c), is before this court.

I. DISCUSSION

A.  Removal

---

[1] Scurlock works as a bank examiner in the Division of Supervision of the FDIC. He seeks the return of $765.96 of taxes that the FDIC allegedly withheld improperly, $317.52 of improper deductions from a travel voucher, and the $500 it cost him to obtain a private letter ruling from the IRS regarding the withholding of taxes. In addition to these claims totaling $1,583.48, Scurlock seeks treble damages for his time and effort, and for the FDIC's "attitude of defiance." (Statement of claim, attachment at 2.) He limited the prayer for relief to $3,000, which he believes is the maximum recovery available in small claims court.



Congress granted the FDIC a ninety day window during which it can remove cases to federal court. The relevant statute, 12 U.S.C. § 1819(b)(2)(B), provides as follows:

> ... the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

The purpose of this provision was to provide a federal forum for disputes involving the FDIC. *See Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995). The FDIC may remove actions from a state court within this ninety-day period, even after the state court has entered judgment. *See Aguilar v. FDIC*, 63 F.3d 1059, 1061 (11th Cir. 1995); *see also Resolution Trust Corporation v. Bakker*, 51 F.3d 242, 244 (11th Cir. 1995) (allowing RTC to remove, following *Jackson v. American Savings Mortgage Corporation*, 924 F.2d 195 (11th Cir. 1991)); *Resolution Trust Corporation v. Bayside Developers*, 43 F.3d 1230, 1236-37 (9th Cir. 1995) (collecting cases of the First, Third, Fourth, Fifth, Seventh, Eight, and Eleventh Circuits).

Although the reported cases in which such removal has been allowed involve financial institution receiverships, the statute granting the power to remove does not distinguish by the capacity in which the FDIC is acting. *See FDIC v. S & I 85-1, LTD.*, 22 F.3d 1070, 1073 (11th Cir. 1994) (concluding that the "FDIC may remove

2

an action under § 1819 irrespective of its alignment as plaintiff or defendant"); *see also Bullion Services, Inc.*, 50 F.3d at 708 (removal permitted in capacities as FDIC Receiver or FDIC Corporate); *see generally* 12 U.S.C. § 1819(b)(2)(A) (providing, in pertinent part, that "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the law of the United States") (emphasis supplied).

William Stephen Scurlock filed his claim against the FDIC on August 17, 1998. The FDIC removed the case on October 16, 1998,[2] within the ninety-day window provided by 12 U.S.C. § 1819(b)(2)(B). Accordingly, the removal to this court was proper.

**B.   Procedure After Removal**

In *Resolution Trust Corporation v. Bakker*, 51 F.3d 242, 244 (11th Cir. 1995), the Eleventh Circuit solidified the rule set forth in *Jackson v. American Savings Mortgage Corporation*, 924 F.2d 195 (11th Cir. 1991), establishing the procedure a petitioner must

---

[2] Along with the Notice of Removal and a copy of the Statement of Claim, the FDIC filed a "Notice of Filing Copies of All Pleadings and Returns of Service," representing to the court that all pleadings and returns of service had been ordered from the Clerk of the Small Claims Court and would be forwarded forthwith once received. Copies of the Statement of Claim, the Case Action Summary, and Notice of Judgment were filed with this court on November 5, 1998. Although the FDIC included only a copy of the Statement of Claim and the "Notice of Filing Copies" with the Notice of Removal, the removal was effective on October 18, once the Notice for Removal was filed in this court, and the state court had been given notice. *See Usatorres v. Marina Mercante Nicaraguenses*, 768 F.2d 1285, 1286 (11th Cir. 1985) (citing, with approval, Covington v. Indemnity Insurance Co., 251 F.2d 930, 933 (5th Cir. 1958), for the proposition that removal may be proper even though "the petitioner did not file all the necessary papers with the district court, ... [because] they may be later supplied").

3

follow upon removal to the district court in order to obtain appellate review of a state court judgment in federal court:

> [B]efore this Court will review a state court order or judgment in a case that has been removed to federal court, the party seeking appeal must first file a <u>Rule 59 motion</u> to modify or vacate the judgment in the district court. <u>Moreover, the motion must be filed within ten days from the date of removal of the case to federal court</u>. If this procedure is complied with, the district court is to consider and decide all issues raised in the <u>Rule 59 motion</u>, and the dissatisfied party may then appeal the district court's decision to this Court.

*Bakker*, 51 F.3d at 244 (emphasis supplied).

The FDIC removed the instant case on October 16, and filed the motion to set aside the default judgment pursuant to Rule 55(c) on November 13, 1998. The questions before this court, then, are whether the FDIC should have filed its motion under Rule 59 and, if not, whether the ten-day rule applies to the motion filed under Rule 55.

The rationale behind the procedures set forth by the Eleventh Circuit's decision in *Jackson* was that "[t]he Federal Rules of Civil Procedure govern procedure in federal court after removal." 924 F.2d at 199 n.9 (citing Fed. R. Civ. P. 81(c)). A motion under Rule 59(b) or 59(e) was the appropriate motion in those cases involving judgments entered after some consideration of the merits. Rule 59 provides a ten-day time period within which these motions must be filed.

The case at bar is distinguishable from the cases discussed above, because the case at bar involves a default judgment.

4

Federal Rule of Civil Procedure 55 governs judgments by default. Thus, according to the federal rules, which govern this case after removal, the proper motion by the FDIC is a motion to set aside the default judgment pursuant to Rule 55(c).[3]

The question remains whether the ten-day rule adopted in *Bakker* should apply to Rule 55 motions. Rule 55(c) does not limit the time within which a motion may be filed pursuant to that rule. Instead, it refers to Rule 60(b), which demands that a motion be made "within a reasonable time." Furthermore, in *Bakker*, the court compared the ten-day rule that it applied to Rule 59 motions in cases removed after entry of a state court judgment on the merits to cases litigated exclusively in federal court: "The ten-day rule provides uniformity and certainty, discourages delay, and is appropriate for the same reasons the ten-day rule in Rule 59(b) and (e) is itself appropriate when the case has been in federal court from the beginning." 51 F.3d at 245.

Although the ends of the rule apply universally, the means do not. If the ten-day rule is applicable to Rule 59 motions in cases removed to federal court <u>for the same reasons</u> it is applicable to those motions in an exclusively federal suit, the ten-day rule should not apply to Rule 55(c) motions to set aside default

---

[3] Rule 55(c) provides as follows:

**Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

5

judgments entered by a state court prior to removal, because the ten-day rule does not apply to Rule 55(c) motions in exclusively federal suits. In other words, in contrast to Rule 59 motions, it is not deemed appropriate to apply the ten-day rule to motions to set aside default judgments "when the case has been in federal court from the beginning." Further cautioning against application of the ten-day rule to default judgments is Rule 55(e): "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."

This court finds that the FDIC complied with the Federal Rules of Civil Procedure by filing a motion pursuant to Rule 55(c) to set aside the judgment by default entered against it. The court finds further, that filing this motion within a month of removal was within the "reasonable time" contemplated by Rules 55(c) and 60(b).

Having found the FDIC's motion pursuant to Rule 55(c) both proper and timely, the court must now pass on the merits of the motion. Rule 55(c) provides that the court may set aside a default judgment in accordance with Rule 60(b). Scurlock may have a viable claim against the FDIC, but the "statement of claim" and supporting letter do not provide <u>evidence</u> satisfactory to this court to enter (or affirm the entry of) a judgment by default against an agency of the United States. Accordingly, the admonition of Rule 55(e) compels this court to grant relief from the judgment pursuant to

6

Rules 55(c) and 60(b)(6). *See McCulley v. United States*, 1991 WL 46403, at *2 (7th Cir. 1991) (unpublished disposition) ("Even if the state court had entered default judgment [before removal], Rule 55(e) would require that the federal court vacate the state court order because it would not have been a consideration on the merits") (citing *Berberian v. Gibney*, 514 F.2d 790, 793 (1st Cir. 1975)).

## II. CONCLUSION

An order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** this the **25th** day of November, 1998.

_____
United States District Judge

7